# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-626V

Filed: September 11, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * *  *  * | | |
| JESSICA PLOUGHE, *Natural Mother* | * | UNPUBLISHED |
| *and Guardian of* S.P., *a Minor*, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Decision on Interim Attorneys' Fees and |
| SECRETARY OF HEALTH | * | Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * *  *  * | | |

*Carol L. Gallagher, Esq.*, Carol L. Gallagher, Esquire LLC, Linwood, NJ, for petitioner.
*Christine M. Becer, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 18, 2014, Jessica Ploughe ("Ms. Ploughe" or "petitioner") filed a petition for compensation on behalf of her minor child, S.P., under the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that S.P. suffers from gastrointestinal problems and papular rash which were caused in fact and/or aggravated by the Hepatitis B #3, IPV, DTaP, Hib, MMR, Varicella, and Prevnar vaccinations S.P. received on July 22, 2011.  Petition ("Pet."), ECF No. 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 5, 2017, petitioner's counsel, Ms. Carol Gallagher, filed a Motion for Interim Fees. ECF No. 68. Ms. Gallagher requests $81,338.05 in interim attorneys' fees and $28,298.14 in interim costs, for a total amount of $126,586.19. *Id*. at 4. For the reasons below, petitioner's motion is granted in part.

## I. Procedural History

Petitioner filed her petition on July 18, 2014, and filed her medical records (Pet. Exs. 1-6) the following month. ECF No. 8. This case was originally assigned to Chief Special Master Dorsey.[3] The initial status conference was conducted on September 11, 2014. Petitioner was ordered to file additional medical records and a statement of completion by November 10, 2014. Respondent was ordered to file a status report thirty days thereafter. Order, issued Sep. 11, 2014, ECF No. 10.

Between October 2014 and February 2015, petitioner filed additional medical records, some of which were obtained after requesting a subpoena and others were requested by respondent. *See* Pet. Ex. 7-13; ECF Nos. 11-15, 23-25. Respondent filed a Rule 4 Report on April 27, 2015, stating that, based "[o]n the existing record, insufficient evidence has been provided to support petitioner's claim," and that respondent therefore "recommends that a decision be entered denying compensation, and that the case be dismissed." Resp. Rule 4 Report, ECF No. 30 at 8.

A Rule 5 conference was held on June 4, 2015. The parties were encouraged to discuss a possible informal resolution of this claim. On August 3, 2015, respondent filed a status report advising that respondent intends to defend the case. Resp. S.R., ECF No. 33. The parties were then ordered to file their expert reports. Order, issued Aug. 3, 2015, ECF No. 34.

Petitioner filed additional medical records (Pet. Ex. 14) on September 29, 2015. ECF No. 37. On October 27-28, 2015, petitioner filed an amended petition, medical literature (Pet. Ex. 15), and "Additional Documentation" in support of her claim. ECF Nos. 41-43. On December 4, 2014, petitioner filed additional records and an expert report from Dr. John Santoro. Pet. Ex. 17, ECF Nos. 46-48. Respondent filed an expert report from Dr. Chris Liacouras on February 8, 2016, Resp. Exs. A-B, ECF No. 50, and filed medical literature three days later, Resp. Exs. C-K, ECF No. 51. In March 2016, petitioner filed additional records (Pet. Ex. 24), medical literature (Pet. Exs. 18-21), and a supplemental affidavit. ECF Nos. 52-54.

A status conference was held on March 18, 2016. During the conference, petitioner's expert report was discussed. Petitioner was ordered to file a supplemental report from Dr. Santoro, which she filed on May 17, 2016. Pet. Ex. 26, ECF No. 56.

A status conference was held on June 15, 2016. During the conference, petitioner's supplemental report was discussed, particularly the concern that petitioner's expert is a gastroenterologist, not an immunologist. The parties were encouraged to discuss a possible informal resolution of this claim. Order, issued June 15, 2016, ECF No. 57. On October 7,

---

[3] This case was reassigned to me on October 21, 2015. *See* Notice of Reassignment, ECF No. 40.

2016, petitioner filed a status report indicating that an initial demand had been sent to respondent; however, petitioner stated that respondent's counsel advised that respondent had decided to defend the case.  Pet. S.R., ECF No. 59.

Another status conference was held on November 16, 2016.  The parties were encouraged to continue discussing a possible informal resolution of this claim.  On December 22, 2016, petitioner filed a status report advising that respondent had decided to defend the case and requesting a Rule 5 conference.  Pet. S.R., ECF No. 61.  Thereafter, petitioner filed additional records.  Pet. Exs. 27-29, ECF Nos. 62-63.

A Rule 5 conference was held on February 7, 2017.  The parties were again encouraged to discuss a possible informal resolution of this claim.  Respondent filed a status report on March 24, 2017, advising that respondent was not interested in pursuing a settlement in this case.  Resp. S.R., ECF No. 65.

A status conference was held on May 11, 2017.  The undersigned discussed the various issues in this case, including the inconsistencies between the medical records and petitioner's claim, as well as Dr. Santoro's lack of qualifications.  Petitioner was ordered to file an expert report complying with *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274 (Fed. Cir. 2005).  Order, issued May 11, 2017, ECF No. 66.  Petitioner filed additional medical records on May 12, 2017.  Pet. Ex. 30, ECF No. 67.

On May 23, 2017, petitioner's counsel filed a Motion for Interim Attorneys' Fees and Costs in which she stated that petitioner was seeking alternative counsel.  ECF No. 68.  On June 6, 2017, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours worked, but instead "respectfully recommend[ed] that the special master exercise her discretion and determine reasonable award for attorneys' fees and costs."  ECF No. 69 at 3.

On July 7, 2017, petitioner filed additional records and an expert report from Tetyana Obukhanych, Ph.D.  Pet. Exs. 31-38, ECF No. 70.  A status conference was held on August 31, 2017.  During the conference, the undersigned again discussed the possibility of an informal resolution of this case; however, respondent's counsel advised that responded did not believe this matter was appropriate for settlement.  Petitioner's motion for interim fees and costs is now ripe for decision.

## II. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).  Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v.*

*Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). One instance in which interim fees have been awarded is "when petitioner's counsel withdraws from the case." *Davis v. Sec'y of Health & Human Servs.*, No. 15-277V, 2016 WL 3999784, at *4 (Fed. Cl. Spec. Mstr. July 5, 2016); *see Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012). Because petitioner's counsel has indicated that she intends to withdraw once petitioner has successfully retained new counsel, *see* ECF No. 68 at 2, an award of interim fees and costs is appropriate in this case.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera*, 515 F.3d at 1349. Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[4]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at

---

[4] This fee schedule is posted on the court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf [hereinafter *Hourly Rate Fee Schedule*].

*9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  Moreover, the "application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing.  *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).  Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen*, 102 Fed. Cl. at 729.

### III. Discussion

#### A.    Reasonable Hourly Rate

Petitioner requests $81,338.05 in attorneys' fees.  ECF No. 68, Ex. A.  The requested hourly rates, *see id.* at 4, are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel.  *See, e.g.*, *Johnson v. Sec'y of Health & Human Servs.*, No. 15-447V, 2017 WL 3811126, at *1 (Fed. Cl. July 31, 2017); *Kelly v. Sec'y of Health & Human Servs.*, No. 15-765V, 2017 WL 2243090, at *1 (Fed. Cl. Apr. 27, 2017).  Therefore, the undersigned finds the requested rates to be reasonable.

#### B.    Hours Reasonably Expended

Upon review of petitioner's application, the undersigned finds that some of the work performed was inappropriately billed at Ms. Gallagher's hourly rates.[5]  For instance, Ms. Gallagher charged attorney rates for all of the work performed in this case, including several administrative, paralegal, secretarial and clerical tasks.[6]  Relatedly, there are entries that are

---

[5] The following entries are examples and are not exhaustive; they merely prove a sampling.

[6] *See, e.g.*, ECF No. 68-1, Ex. A at 1 ("Dictation to secretary re: communication with 'Kathy' of MUSC"); *id*. ("Dictation to secretary re: calls to two providers for records"); *id*. at 3 ("Telephone communication with 'Ashely' from Dr. Simpson's office"); *id*. ("Two telephone calls to Summerville Medical Center"); *id*. at 5 ("Telephone communication with 'Sabrina' of Dr. Lieberman's office"); *id*. at 6 ("Telephone communication with

vague in description and do not provide any basis for determining their reasonableness, such as repeatedly billing for "Dictation to Secretary" without further elaboration.[7]  For these reasons, the undersigned finds the requested $81,338.05 should be reduced by 15%.  Accordingly, $69,137.34 is awarded in interim attorneys' fees.

## C.    Reasonable Costs

Petitioner requests $5,201.72 in attorneys' costs which includes $701.72 for the filing fee, shipping costs, and medical record fees and $4,500.00 for Dr. John Santoro's retainer.  ECF No. 68-2, Pet. Ex. B.  The undersigned finds these costs to be reasonable.

Petitioner also requests reimbursement for unpaid costs that remain due to Dr. Santoro for work performed in this matter.  *See* ECF No. 68-3, Pet. Ex. C.  These costs include 45.8 hours of work performed by Dr. Santoro at an hourly rate of $500, for a total of $22,900.00.  The reasonableness of an expert's rate is determined on a case-by-case basis.  Dr. Santoro has previously appeared before this Court and requested an hourly rate of $500 which was reduced to $400 per hour.  *See Carda v. Sec'y of Health & Human Servs.*, No. 14-191V, 2016 WL 5224406, at *4 (Fed. Cl. Spec. Mstr. Aug. 19, 2016) (reducing Dr. Santoro's hourly rate to $400 per hour in awarding interim fees).  The undersigned agrees with the reasoning in that case and finds it appropriate to reduce Dr. Santoro's hourly rate to $400 per hour in this case as well.  Dr. Santoro is therefore awarded a total of $18,320.00 in unpaid fees in this case up to this point.

Accordingly, $23,521.72 is awarded for total interim costs.

## IV. Total Award Summary

Based on the foregoing, the undersigned **GRANTS IN PART** petitioner's motion for interim attorneys' fees and costs and awards **a lump sum of $92,659.06 in the form of a check payable jointly to petitioner and petitioner's counsel, Carol Gallagher, Esq.**  The clerk shall enter judgment accordingly.[8]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

'Ashely' of Dr. Simpson"); *id*. at 11 ("Telephone communication with Dr. Santoro's secretary"); *id*. ("Telephone communication with Dr. Santor's assistant").

[7] *See, e.g.*, ECF No. 68-1, Ex. A, at 1, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.